By the Court, Cowen, J.
In answer to a declaration containing all the common counts, including an insimul computas *309 sent, the defendants have pleaded an insimul computassent of the whole, with divers sums due to the defendants; that they, at the request of the plaintiffs, credited them with the sums claimed in the declarationand that the plaintiffs were found to be in arrear to the defendants $700. which the plaintiffs promised to pay.
All the authorities deserving of any countenance are against this plea, unless the turn which the pleader has given it of a balance in favor of the defendants, distinguishes it from former cases. They are mostly collected in Lawes On Assumpsit, p. 479 to 483, Boston ed. of 1811. By these, and many other cases that might be cited, the general doctrine is entirely established that the plea of an account stated is bad. The reason given is, that debts already due cannot be discharged without a release, an accord and satisfaction, or payment. This account stated has been pleaded in almost every form, and always of late repudiated. Sometimes a simple accounting has been pleaded; (Mayor of Scarborough v. Butler, 3 Lev. 237:) and sometimes the plea has been that, on the defendant promising to pay the balance, the plaintiff discharged him of the original debt. (May v. King, 12 Mod. 537,. 1 Ld. Raym. 680, S. C.) In the case last cited, Chief Justice Holt was dissatisfied that such pleading should be attempted, saying that, so far as it depended on him, this should be the last time. The .court had, however, once or twice before, without due consideration, sanctioned it. In Atherley v. Evans, (Say. 269,) a plea that a balance of £12 was struck on the several promises in the declara-. tion, which the defendant afterwards paid, was held bad. That is the same as the case before us, except that here the payment is alleged by circumlocution. There, the parties agreed on a balance, which the defendant paid in cash. Here, the payment is by mutual credit. They agree on a balance in favor of the defendants, and the plaintiffs promise to pay. If, in that case, the agreement was not of force to bar all except the £12, a fortiori it cannot be received here to bar the whole. In either case, the fact would be evidence under a plea of payment, (Whittington v. Roberts, 4 Monroe, 173, 4,) or under *310 the general issue; and the matter of the present plea would form a set-off. But the whole is no more in principle than the pleas so often condemned. In May v. King, Holt, Ch. J. said, “ if there be two dealers, and, without coming to an account, they agree to be clear against one another, it would not be well without coming to an account; and to plead it as an account, is but argumentative of payment &c., and therefore not to be allowed; nor need it be shewn for cause of demurrer.” (12 Mod. 538.) That is another instance quite as strong as the present; for this promise to pay the balance to the defendants goes no farther to extinguish the plaintiffs’ claims of various debts on promises broken, than would the striking of an even balance, and promising to “ be clear against one another.” It comes back to the governing principle that a man cannot discharge a precedent debt by reckoning with his adversary, and promising him any thing; though he may, if the debt be not due. May v. King, as reported in 12 Mod. covers the whole ground. It illustrates the distinction running through the cases on this head, between debts dme, and yet to become due; and, as to the former, cuts off all pleas of oral arrangements, in bar, whatever may be their language. Suppose then an issue taken on this accounting, and found for the defendants; it. would not affect the promises declared upon. The issue would be immaterial, and we should be bound to render judgment for the plaintiffs non obstante veredicto.
The defendants’ counsel contended that the plea was an argumentative plea of payment; and so, good against this demurrer, which does not assign circumlocution for cause. The answer will be found in what I have cited from May v. King, and more especially in Atherley v. Evans. There was a direct payment of the balance, but Sir Dudley Rider, Ch. J. said, though payment of the whole may be pleaded, yet the plea in question was bad, because it did not discharge the original debt. The accounting extinguishes nothing; and yet in that, there is always a setting off of one debt against another by agreement of parties. Each debt, though so agreed to be set off, still remains. The whole is nothing more than evidence of the state of the account *311 between the parties. In the case at bar, the whole is mere accord, without satisfaction. I repeat, that an issue upon it would be immaterial; as much so as if issue should be joined on a plea that the plaintiffs had confessed the defendants owed them nothing. The defect is substantial, not merely formal.
Judgment for the plaintiffs.